```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


DARRELL B. GIPSON,              :

     Plaintiff,                 :
                                          PRISONER
V.                              :   CASE NO. 3:09-CV-1188(RNC)

SHARON LAPLANTE, ET AL.,        :

     Defendants.                :
```

RULING AND ORDER

Plaintiff, a former Connecticut inmate proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against a physician and four nurses on the staff of the Hartford Correctional Center ("HCC"). The Court is required to review the complaint and dismiss any part of it that fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. For reasons explained below, the complaint fails to state a claim on which relief can be granted and is therefore dismissed.

The complaint alleges the following facts. On May 10, 2009, while held at the HCC, the plaintiff contracted "MRSA," a type of staph infection.[1] Dr. Sharon LaPlante treated the infection with an antibiotic called Bactrim. On May 21, 2009, Dr. LaPlante doubled the dosage of the antibiotic. Plaintiff subsequently developed a high fever, was unable to eat or drink and lost

---

[1] "MRSA" is the acronym for methicillin-resistant staphylococcus aureus.

weight.  Dr. LaPlante ordered a number of different tests in an effort to determine what was making the plaintiff sick.  While continuing to receive the antibiotic, plaintiff also was given an over-the-counter antidiarrheal medication, Loperamide, even though the label on the medication warns over-the-counter consumers: "Do not use if you are taking antibiotics or if diarrhea is accompanied by high fever."  This medication was dispensed to the plaintiff by four different nurses.  It is unclear from the complaint whether Dr. LaPlante ordered the medication or the nurses acted on their own.

On May 29, 2009, Dr. LaPlante discontinued the antibiotic and plaintiff soon recovered.  Dr. LaPlante subsequently concluded that the plaintiff is allergic to antibiotics but he does not agree with her assessment.  He believes that his fever, inability to eat or drink and weight loss were caused by the particular antibiotic he was given, the dosage, and its use in combination with the antidiarrheal medication dispensed by the nurses.

To allege an Eighth Amendment claim based on inadequate medical care, a prisoner must allege facts showing deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 834-35 (1994).  The Second Circuit has applied this standard to pretrial detainees whose claims are brought under the Due Process Clause.

Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996).  A person is deliberately indifferent if he consciously disregards a substantial risk of serious harm.  Farmer, 511 U.S. at 837.  This state of mind is more blameworthy than negligence; it is the "equivalent of criminal recklessness."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1994); see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)("negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim").

    Crediting the allegations of the complaint, plaintiff's infection, fever, inability to eat and drink and significant weight loss constituted a serious medical condition requiring treatment.  However, there is no allegation of an act or failure to act by Dr. LaPlante that amounts to deliberate indifference in violation of the Eighth Amendment.  The complaint alleges that Dr. LaPlante prescribed an antibiotic to treat plaintiff's infection then conducted a number of tests in an attempt to determine the cause of his symptoms.  Dr. LaPlante also might have ordered that plaintiff be given Loperamide.  Even assuming she erred in prescribing Bactrim in the first instance, in continuing to use it, and in simultaneously ordering Loperamide, mere negligence in treating a medical condition does not violate the Eighth Amendment, and there is no indication that Dr. LaPlante acted with a more culpable state of mind akin to

criminal recklessness.[2]  The complaint itself indicates that Dr. LaPlante was trying to help the plaintiff and "couldn't understand why" he was so ill.  See Chaparro v. Easton, 1995 WL 94860, at *1 (7th Cir. March 7, 1995)(deliberate indifference claim properly dismissed because complaint did not allege that doctor knew harmful side effects would occur); Love v. Growse, 2008 WL 4534091, at *2 (E.D. Ky. Oct. 3, 2008) (harmful drug interaction caused by negligence insufficient to support claim for deliberate indifference); see also Reyes v. Gardener, 93 Fed. Appx. 283, 285 (2d Cir. 2004) (mere disagreement regarding appropriate prescription treatment is insufficient to establish deliberate indifference).

Plaintiff's claim against the four nurses is also insufficient.  Even assuming all four of them were negligent in dispensing the antidiarrheal medication to the plaintiff while he was still receiving an antibiotic and had a fever, plaintiff does not allege facts showing that they consciously disregarded a substantial risk of serious harm.  In this regard, plaintiff expresses his belief that the antidiarrheal medication contributed to his illness yet he also alleges that all his symptoms were caused by the antibiotic.  In the absence of anything more than plaintiff's own subjective belief that the antidiarrheal medication was a factor in his illness and should

---

[2] The Court expresses no opinion on whether the plaintiff's allegations could support a negligence claim under state law.

not have been dispensed, his complaint is insufficient to state a claim for deliberate indifference against the nurses.

Accordingly, the complaint is hereby dismissed for failure to state a claim on which relief may be granted under § 1983. The Clerk may enter judgment and close the case.

So ordered this 19th day of February 2010.

/s/RNC
ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE
